IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| ROSE ANN ACOSTA, | : | BANKRUPTCY NO.: 5-13-bk-06600-JJT |
| DEBTOR | : | |
| KIMBERLIE R. ACOSTA, | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss Amended Adversarial Complaint Pursuant to Fed.R.C.P. 12(b)(6) (Doc. #22)} |
| PLAINTIFF | : | |
| vs. | : | |
| ROSE ANN ACOSTA, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-14-ap-00077-JJT** |

# OPINION

The Debtor-Defendant, Rose Ann Acosta, has filed a Motion to Dismiss the Complaint of pro se Plaintiff, Kimberlie R. Acosta, with regard to a Complaint objecting to the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A). That section excludes from discharge debts "(2) for money, property, . . . to the extent obtained by--(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . ." The Complaint alleges that the Plaintiff loaned money to the Debtor and that the Debtor accepted that money without any intent to repay it. The Complaint states little more than that and the issue before me is whether such bare bones allegations survive a Rule 12 Motion to Dismiss.

Federal Rule of Bankruptcy Procedure 7008, which incorporates Federal Rule of Civil

[K:\Cathy\Opinions-Orders filed 2014\5-14-ap-00077-JJT_Acosta.pdf]

Case 5:14-ap-00077-JJT    Doc 30    Filed 09/05/14    Entered 09/05/14 11:34:17    Desc
Main Document    Page 1 of 3

Procedure 8, provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." There must be stated sufficient allegations of fact to conclude that the claim is "plausible" on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 570, 127 S.Ct. 1955 (2007)). An action under § 523(a)(2)(A) implicates Federal Rule of Civil Procedure 9, incorporated by Federal Rule of Bankruptcy Procedure 7009, that would appear to require that allegations of fraud must state with particularity the circumstances constituting fraud. Federal Rule of Civil Procedure 9(b). One court has interpreted that to mean a clear identification of the time, place, and nature of the alleged misleading representations. *In re Daniell,* 2013 WL 5933657, *8 (9th Cir. BAP, 2013).

A review of the Amended Complaint and its attachments at Docket #18 reveal that the allegation is the Debtor borrowed the sum of $30,000 on or about July 31, 2007. At the time of borrowing the money, the Debtor had no intention of paying the loan. If actually established at the time of trial, proof of these elements would establish a case for nondischargeability. "The test may be stated as follows. If, at the time he made his promise, the debtor did not intend to perform, then he has made a false representation (false as to his intent) and the debt that arose as a result thereof is not dischargeable (if the other elements of § 523(a)(2)(A) are met). If he did so intend at the time he made his promise, but subsequently decided that he could not or would not so perform, then his initial representation was not false when made." *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir.1997). Undoubtedly, the burden of establishing this false representation of intention is on the Plaintiff and that burden must be by the preponderance of

the evidence. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659 (1991).

It will not be an easy task to establish one's fraudulent intent. Nevertheless, sufficient facts have been alleged to survive a motion to dismiss. Accordingly, the Motion to Dismiss is denied, and the Debtor-Defendant is directed to file an Answer within twenty-one (21) days.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: September 5, 2014